UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHARLENE SCHMITZ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-0649 (EGS) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION

In what remains in this Freedom of Information Act ("FOIA") case, defendant has fully released what it contends are all records responsive to plaintiff's FOIA request and moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, ECF No. 22. *See* Feb. 28, 2013 Mem Op. and Order (denying defendant's motion to dismiss). Plaintiff has opposed the instant motion, ECF No. 24, defendant has replied, ECF No. 27, and plaintiff was granted leave to file a surreply, ECF No. 30. Upon consideration of the parties' submissions and the entire record, the Court will grant defendant's motion and enter judgment accordingly.

BACKGROUND

By letter dated August 26, 2010, plaintiff requested records pertaining to her criminal prosecution and that of Richard Brooks Nelson, both having occurred in the United States District Court for the Southern District of Alabama. Plaintiff specifically requested as to her case an "affidavit regarding loss for restitution signed by Donna Marks; [the] criminal complaint; [and] [a] video surveillance tape seized from Leroy High School." As to Nelson's case, plaintiff

1

requested the "Docket for Crim. Defendant, Richard Brooks Nelson, . . . a. Motion to dismiss Indictment[;] b. Motion for Judgment of Acquittal[;] c. Court Order denying Motion for Judgment of Acquittal[;] d. Court Order denying Motion to Dismiss Indictment."  Decl. of Kathleen Brandon, Ex. A (Request)[1]; *see* Compl. ¶¶ 1-3.  By letter dated August 31, 2011, plaintiff requested "[e]vidence in support of the news conference on June 25, 2007 by the Sheriff for attesting to his personal knowledge that Schmitz had admitted to the crime."  Brandon Decl., Ex. B.  The two requests were acknowledged and assigned one file number, Request No. 10-3139.  *Id*. ¶ 6, n.1.

Following a search for responsive records by the FOIA contact at the U.S. Attorney's Office for the Southern District of Alabama ("local office"), EOUSA, by letter dated December 30, 2010, released 13 unredacted pages of documents that were filed in plaintiff's criminal case.  Brandon Decl. ¶¶ 7-9 & Ex. E.  The release consisted of a five-page Memorandum Opinion and Order, a four-page Motion for Judgment of Acquittal After Discharge of Jury or in the Alternative Motion for New Trial, and a two-page Defendant's Motion for Judgment of Acquittal, all filed in February 2008, and a two-page Indictment filed November 27, 2007.  *Id*. ¶ 9.  In a supplemental release dated April 17, 2013, made in response to plaintiff's assertions in this litigation, defendant released the docket for Nelson's case and noted that "[a]s the docket indicates, there is no Motion to Dismiss Indictment, Court Order Denying Motion to Dismiss Indictment, Motion for Judgment of Acquittal, or Court Order Denying Motion for Judgment of Acquittal."  *Id*., Ex. F.

---

[1]  The exhibits to the Brandon declaration were inadvertently omitted as attachments to the summary judgment motion; they have been docketed collectively as Document No. 26.

## II. LEGAL STANDARD

Summary judgment is warranted "if the movant shows [by affidavit or other admissible evidence] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party opposing a summary judgment motion must show that a genuine factual issue exists by "(A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c). Any factual assertions in the moving party's affidavits will be accepted as being true unless the opposing party submits his own affidavits or other documentary evidence contradicting the assertion. *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir. 1992). However, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

FOIA cases are typically and appropriately decided on motions for summary judgment. *Gold Anti–Trust Action Comm., Inc. v. Bd. of Governors of Fed. Reserve Sys.*, 762 F. Supp. 2d 123, 130 (D.D.C. 2011) (citations omitted). An agency has the burden of demonstrating that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (internal citation and quotation omitted).

In reviewing a summary judgment motion in the FOIA context, the court must conduct a de novo review of the record, *see* 5 U.S.C. § 552(a)(4)(B), but may rely on agency declarations. Agency affidavits or declarations that are "relatively detailed and non-conclusory" are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the

existence and discoverability of other documents." *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal citation and quotation omitted).

An agency from which information has been requested must undertake a search that is "reasonably calculated to uncover all relevant documents." *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). Thus, when, as here, an agency's search is questioned, the Court must decide the adequacy of the search by applying a "reasonableness test to determine the adequacy of search methodology." *Campbell v. Dep't of Justice*, 163 F.3d 20, 27 (D.C. Cir. 1998). The agency must demonstrate that it "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Fischer v. Dep't of Justice*, 596 F. Supp. 2d 34, 42 (D.D.C. 2009) (citations omitted). An adequate affidavit can be rebutted with evidence that the agency's search was not made in good faith. *Defenders of Wildlife v. Dep't of the Interior*, 314 F. Supp. 2d 1, 8 (D.D.C. 2004). Because "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search," *Iturralde v. Comptroller of the Currency*, 315 F. 3d 311, 315 (D.C. Cir. 2003), "the fact that a particular document was not found does not demonstrate the inadequacy of a search." *Boyd v. Crim. Div. of U.S. Dept. of Justice* 475 F.3d 381, 391 (D.C. Cir. 2007) (citations omitted).

## III. DISCUSSION

Plaintiff questions defendant's search because it did not yield certain court documents or a particular court decision. *See* Pl.'s Opp'n at 1-2 (explaining that she "filed a FOIA request for [a] judicial decision and other documents" that "disappeared from LEXISNEXIS" before she "could print the case law she now seeks through FOIA"). Plaintiff misunderstands FOIA's coverage. She faults defendant for not providing "the 'internal' docket (the one utilized by the

4

Court) in the Nelson case," Compl. ¶ 3; *see also* Pl's Opp'n at 3-4, 7, but "the federal courts . . . are [not] subject to the FOIA." *Lewis v. U.S. Dep't of Justice*, 867 F. Supp. 2d 1, 13, n.5 (D.D.C. 2011) (citing 5 U.S.C. § 551(1)(B) (excluding federal courts from the definition of "agency"); *see accord Walsh v. FBI*, 905 F. Supp. 2d 80, 87 (D.D.C. 2012).

Furthermore, EOUSA's disclosure obligations extend only to documents it controls and possesses at the time of the FOIA request. *See Nat'l Sec. Archive v. Archivist of the U.S.*, 909 F.2d 541, 544-45 (D.C. Cir. 1990) ("[T]he agency must have "possession or control" over a document before it may be deemed to be "withholding" it.") (quotation marks in original) (footnote and citation omitted). Plaintiff refers to the declarants' purported admission that the released docket contains omissions, *see* Pl.'s Surreply at 3, 5, but EOUSA has no control over the courts' "internal" docketing system or court documents in general. *See Lewis*, 867 F. Supp. 2d at 13 ("Neither the EOUSA nor the USAO–FLM 'controls' documents filed in and maintained by the United States District Court for the Middle District of Florida.") Hence, even if the docket is incomplete, this fact fails to raise a genuine dispute about the reasonableness of defendant's search.

The Court is satisfied from the descriptions of the searches employed that a reasonably adequate search was conducted and that all responsive agency records were disclosed. *See* Brenda M. Howell ¶¶ 5-8, 12 (local office search); Sanjay Sola Decl. ¶¶ 5-7 (national office search of retrieved local file); Brandon Decl. ¶¶ 7-11 (coordinating search efforts). Particularly, Howell, utilizing plaintiff's name or variations thereof, searched "two computer case tracking systems" used by her office, the Legal Information Network Systems (LIONS) "used to track all activities in district court matters, cases and appeals," which located "one match," and the Public Access to Court Electronic Records (PACER), which is "the internet based site . . . used to

obtain information on federal appellate, district, and bankruptcy court proceedings including docketing information." Howell Decl. ¶¶ 5-7. When Howell failed to locate the requested records about Nelson, she "contacted the Clerk's Office to inquire about docket entries which were omitted (filed under seal) to see if a Motion to Dismiss Indictment and/or Order Denying such motion had ever been filed." *Id*. ¶ 12. Howell discovered from the docket entries in Nelson's case that "an oral motion for judgment of acquittal" had been made and "denied by the court for the reasons the court set forth on the record." *Id*. Howell reasonably concluded that an actual written "document [n]ever existed." *Id*. In response to plaintiff's supplemental request for "evidence in support of [comments made by a] sheriff" at a news conference, Howell provided EOUSA "all records" her office possessed pertaining to plaintiff's criminal case. *Id*. ¶ 11. Sola then reviewed "the entire case file" but "found no additional responsive records." Sola Decl. ¶ 6.

In reviewing the declarations, the Court finds no merit to plaintiff's argument that the declarants have acted in bad faith and that Brandon in particular is not competent to testify about the search. *See* Pl.'s Surreply at 4. Brandon states that she is the Attorney Advisor at EOUSA responsible for addressing FOIA requests for records located at EOUSA and the 94 United States Attorney's Offices ("USAO"). Brandon Decl. ¶¶ 1-2. Part of her duties is to serve as "liaison" to the respective USAO, to review searches conducted in response to requests, to prepare responses "to assure that determinations to withhold or to release records are in accordance with . . . both the FOIA/PA and DOJ regulations," and to defend EOUSA's position during FOIA litigation. *Id*. ¶ 2. Brandon further states that her declaration is based on her review of the official files, records and information "acquired . . . through the performance of her official duties," and that she is "familiar with the procedures followed" in responding to plaintiff's

request. *Id.* ¶ 3. It is established that "[a] declarant in a FOIA case satisfies the personal knowledge requirement in Rule 56[c] if in [her] declaration, [she] attests to [her] personal knowledge of the procedures used in handling [a FOIA ] request and [her] familiarity with the documents in question." *Barnard v. Dep't of Homeland Sec.*, 531 F. Supp. 2d 131, 138 (D.D.C. 2008) (citations and internal quotation marks omitted); *see accord SafeCard Servs., Inc.*, 926 F.2d at 1201 (citing *Meeropol v. Meese*, 790 F.2d 942, 951 (D.C. Cir. 1986)) (determining that the person in charge of a search is "the most appropriate person to provide a comprehensive affidavit").

## CONCLUSION

For the foregoing reasons, the Court finds no genuine dispute surrounding defendant's proper treatment of plaintiff's FOIA requests and concludes that defendant is entitled to judgment as a matter of law. A separate order accompanies this Memorandum Opinion.

DATE: March 20, 2014

SIGNED: EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE